UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR LAMOND JORDAN, SR., <br>     *Plaintiff*, <br><br> v. <br><br> ANGEL QUIROS, WASHINGTON, McKNISH, COLLEEN GALLAGHER, OLIVARES, and JENNIFER REIS, <br>     *Defendants*. | Case No. 3:23-cv-254 (CSH) <br> July 11, 2023 |

## ORDER

**HAIGHT, Senior District Judge:**

*Pro se* plaintiff Victor Lamond Jordan, Sr., currently incarcerated at Garner Correctional Institution, filed this complaint on February 24, 2023 pursuant to 42 U.S.C. § 1983 against six defendants: Commissioner Angel Quiros, Warden Washington, Deputy Warden McKnish, Medical Regional Supervisor Colleen Gallagher, Nurse Supervisor Olivares, and Warden Jennifer Reis.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, a court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Here, Plaintiff's entire statement of facts consists of four sentences:

The D.O.C. and it Agents' has subjected me to inadequate mattress, and caused me serious pain and anguish to my back and shoulders. The mattress that was inadequate, was determined to only be for the weight of a 78 pound person. Upon discovery that the D.O.C. and its Agents, were aware of these facts and for close to 20

> years hasn't posted or informed myself of this, allowing me to suffer further, and more injury and severe pain and anguish, subjecting me to different kinds of medicines that have a number of side affects. Also denying a special mattress.

Doc 1-1 at 6.

Plaintiff describes the causes of action in general terms as "8th Amendment; Cruel and Unusual Punishment, Deliberate Indifference, 14th Amendment; Liberty Interest/Equal Protection." Doc. 1-1 at 5.

All of the defendants are supervisors. The Second Circuit has held that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal citation omitted). Thus, for deliberate indifference claims, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Id*. at 616.

Plaintiff makes general statements against the Department of Correction and its agents. He alleges no facts showing that any named defendant was aware of the issues with his mattress.

Although a supervisor cannot be found liable solely "by reason of [his] supervision of others who committed the violation," *id.* at 619, "it seemingly remains possible for a policy maker to be held liable for his creation or continuance of an unconstitutional policy or custom." *Jok v. City of Burlington, Vt.*, No. 2:19-cv-70, 2022 WL 444361, at *11 (D. Vt. Feb. 14, 2022) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that "§ 1983 [still] allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which results in a violation of constitutional rights)); *see also Stone #1 v. Annucci*, No. 20-CV-1326 (RA), 2021 WL

4463033, at *9 (S.D.N.Y. Sept. 28, 2021) ("Reading *Tangreti* and . . . other decisions together, . . . a senior prison official can still be held liable for his role in creating a policy . . . , but . . . only if the pleadings or record evidence 'permit the inference that [he] had subjective knowledge of the risk . . . and that [he] decided to disregard that risk.'") (quoting *Tangreti*, 983 F.3d at 619).

The Court cannot permit the Complaint to proceed under this exception as Plaintiff has not alleged that any named defendant was responsible for ordering the current mattresses or creating a policy requiring all inmates to use these mattresses. As it is possible that Plaintiff could state such a claim or allege facts supporting the personal involvement of a named defendant, the Court will permit him to file an amended complaint to attempt to do so.

Plaintiff has filed several additional motions in this action.

On March 30, 2023, Plaintiff filed a "Motion Making Court Cognizant of Facts Re. Defendants and Retaliation" [Doc. 8]. This motion "addresses a safety and security matter" unrelated to the instant claim regarding Plaintiff's mattress. Doc. 8 at 1. The nature of the safety concern is not included in the motion, but Plaintiff has attached an Inmate Request Form to his motion, in which he complains that an Officer Cobb "is constantly asleep at her post." Doc. 8-1 at 1. These allegations are unrelated to the facts pled in the underlying complaint. Due to the Complaint's dismissal, this motion will be denied as moot.

On June 8, 2023, Plaintiff filed a "Motion for Preliminary Injunctive Relief" [Doc. 10]. In this motion, Plaintiff seeks "some form of medical device" such as a "medical mattress, and/or a wedge" to relieve the back pain described in the Complaint, which appears to have worsened after Plaintiff was assigned a mattress "worse than the old one" described in the Complaint. Doc. 10 at 1. On June 29, 2023, Plaintiff followed a subsequent "Motion to give Court Notice and Request

3

for an Emergency Injunction and/or Restraining Order" [Doc. 11] seeking related relief, and alleging that his pain is especially severe—rising to the level of "being tortured by staff"—due to his placement in a restrictive housing unit with an inferior mattress on the basis of fabricated disciplinary violations. Doc. 11 at 1–3. Plaintiff's motions for preliminary injunctions and a temporary restraining order will be denied as moot, because of the dismissal of the underlying Complaint. If Plaintiff files an amended complaint that addresses the issues identified herein, he may also move again to seek a temporary restraining order or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## ORDERS

1. The Complaint [Doc. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint alleging facts showing how each defendant is personally involved in his claims. The amended complaint shall be filed within **thirty days** from the date of this order. If no amended complaint is filed within the time specified, this case will be closed.

2. The Motion Making Court Cognizant of Facts Re. Defendants and Retaliation [Doc. 8], Motion for Preliminary Injunctive Relief [Doc. 10], and Motion to give Court Notice and Request for an Emergency Injunction and/or Restraining Order [Doc. 11] are **DENIED AS MOOT** due to the dismissal of the Complaint.

It is SO ORDERED.

Dated at New Haven this 11th day of July 2023.

<u>/s/ Charles S. Haight, Jr.</u>
CHARLES S. HAIGHT, JR.
Senior United States District Judge