UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR LAMOND JORDAN, SR.,<br>    *Plaintiff*,<br><br>v.<br><br>ANGEL QUIROS, WASHINGTON,<br>McKNISH, COLLEEN GALLAGHER,<br>OLIVARES, and JENNIFER REIS,<br>    *Defendants*. | Case No. 3:23-cv-254 (CSH)<br>August 10, 2023 |

## ORDER

**HAIGHT, Senior District Judge:**

*Pro se* plaintiff Victor Lamond Jordan, Sr., currently incarcerated at Corrigan Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 on February 24, 2023. The original complaint named six defendants: Commissioner Angel Quiros, Warden Washington, Deputy Warden McKnish, Medical Regional Supervisor Colleen Gallagher, Nurse Supervisor Olivares, and Warden Jennifer Reis. Plaintiff asserted, in general terms against all six defendants, claims under the Eighth and Fourteenth Amendments based on the denial of a proper mattress.

On July 11, 2023, the Court issued an order dismissing the complaint with leave to amend. *See* Doc. 12. The Court noted that all defendants were supervisory officials and Plaintiff had not alleged facts showing that any defendants were aware of his issues with his mattress, were responsible for ordering the current mattresses, or were created a policy that all inmates must use the mattresses. *Id.* at 2–3. The Court afforded Plaintiff an opportunity to file an amended complaint if he could allege facts showing how each defendant was personally involved in his claims. *Id.* at 4.

The following day, July 12, 2023, Plaintiff responded by filing a 59-page amended complaint with 85 pages of exhibits. *See generally* Doc. 13. He names twenty-seven defendants and states that he is asserting claims arising at five correctional facilities. In addition to allegations regarding his mattress, Plaintiff includes allegations regarding an Achilles tendon injury, restrictive housing placement in June 2022, mental health issues, dental issues, isolated confinement, and issues with the administrative remedy process.

Plaintiff has the right to amend his complaint once prior to service, *see* Fed. R. Civ. P. 15(a)(1)(A), and was invited to do so by the Court. However, the purpose of an amended complaint is "to clarify or amplify the original cause of action, not add new causes of action." *See Castellano v. Trump*, No. 3:17-cv-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017) (citation omitted). Plaintiff was afforded leave to amend to attempt to state cognizable claims against the seven defendants named in the original complaint. The addition of new claims and twenty new defendants exceeds the Court's permission.

In addition, Plaintiff has not, as he was directed, alleged facts showing how each defendant is personally involved in his claims regarding his mattress. Again, he asserts his claims against all defendants or a grouping of defendants. He assumes that because he filed numerous administrative remedies, all defendants knew about his claims and failed to act. Filing a grievance or request or sending a letter, however, is insufficient to show that a particular defendant received and read the document. *See Delee v. Hannigan*, 729 F. App'x 25, 32 (2d Cir. 2018) (affirming dismissal of supervisory liability claim based on failure to respond to letter); *Young v. Choinski*, 15 F. Supp. 3d 172, 190 (D. Conn. 2014) (failure of prison official to respond to inmate request insufficient to show personal involvement in Eighth Amendment claim); *see also Williams v. Hesse*, No. 9:16-

CV-1343 (GTS/TWD), 2020 WL 1480105, at *10 (N.D.N.Y. Feb. 19, 2020) (sending letter to high-ranking official absent any response is insufficient to show personal involvement) (citation omitted).

The Court will afford Plaintiff one final opportunity to file an amended complaint in this case. The amended complaint shall include only the claim regarding Plaintiff's mattress. He shall allege facts showing how each defendant named in the original complaint was personally involved in the mattress issues. Plaintiff may include additional defendants only if those defendants were directly involved in the denial of a replacement mattress.

Any Second Amended Complaint shall be filed on or before **September 11, 2023**. Failure to file a Second Amended Complaint that complies with this Order within the time specified will result in the dismissal of this case.

It is SO ORDERED.

Dated at New Haven this 10th day of August 2023.

> */s/ Charles S. Haight, Jr.*
> CHARLES S. HAIGHT, JR.
> Senior United States District Judge